IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO L. GARCIA,<br><br>           Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>           Defendant. | Case No. CV 15-7060 MRW<br><br>**ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE** |

**SUMMARY OF RULING**

Plaintiff challenges the denial of his application for Social Security benefits. The administrative law judge found that Plaintiff was capable of working and denied benefits.

On appeal, the Court concludes that the ALJ failed to identify adequate reasons to disbelieve Plaintiff's testimony regarding his pain and symptoms. Further, the agency's error was not harmless. As a result, the Court recommends

that the matter be remanded to the agency on an open record for further proceedings.

**PLAINTIFF'S CONDITIONS AND PROCEEDINGS BELOW**

Plaintiff applied for disability benefits based on a work-related back injury and derivative mental health concerns. After an administrative hearing, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform light work with additional physical and non-exertional limitations. (AR 20.) In reaching this conclusion, the ALJ expressly found that Plaintiff's statements regarding his pain and symptoms were not believable. (AR 21, 24-25.)

A vocational expert testified at the administrative hearing that an individual with Plaintiff's RFC could not perform his past work as a tire repairer / installer. However, the expert identified several other jobs that Plaintiff could hold. (AR 61.) From this, the ALJ determined that Plaintiff was not disabled and denied benefits. (AR 27.)

**DISCUSSION**

**Standard of Review**

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision must be upheld if they are supported by substantial evidence and are free of legal error. Dale v. Colvin, ___ F.3d ___, 2016 WL 2909237 at *2 (9th Cir. May 19, 2016). Substantial evidence is proof in an amount or of a nature that "a reasonable mind might accept as adequate to support a conclusion." Rounds v. Comm'r Soc. Sec. Admin., 807 F.3d 996, 1002 (9th Cir. 2015) (quotation omitted).

**Adverse Credibility Determination (Ground 3)**

**Facts and Decision Below**

At the hearing, Plaintiff testified (in Spanish through an interpreter) regarding the pain his back injury caused him. Plaintiff explained that his pain and symptoms greatly limited his daily actions. He also described his ongoing

mental health problems related to his physical discomfort. Plaintiff explained that he generally did little more than sit at home and engage in minimal errands for his children.

The ALJ clearly did not believe him. According to the transcript of the hearing, the ALJ challenged Plaintiff on several occasions about the veracity of his testimony and his ability to communicate in English. (AR 47-55.) The ALJ punctuated the hearing with several caustic-sounding comments regarding Plaintiff's testimony.[1] In the written decision, the ALJ expressly identified the bases for rejecting Plaintiff's testimony. According to the government's defense on the decision (Docket # 18 at 57-59), those reasons were:

- a consulting physician "suspect[ed] poor effort" exerted during a physical exam (which the government also contends was adequate to establish malingering);
- inconsistent statements regarding his English-language skills and hallucination symptoms;
- gaps in Plaintiff's treatment for his back and mental health problems; and
- the overall lack of medical evidence supporting Plaintiff's testimony.[2]

---

[1] When Plaintiff explained that an English-speaking friend helped him fill out an agency form, the ALJ said, "So anytime there's anything in these forms that [is] contrary to what you say today, I'm to just ignore?" (AR 48.) At a later stage of the questioning regarding Plaintiff's daily activities, Plaintiff explained that he attempted to walk during the day. The ALJ interjected – twice – "Hold on. I asked you what do you do during an average day. I did not ask what you try to do." (AR 54.) On the cold record, the Court cannot conclude whether the ALJ was legitimately attempting to probe Plaintiff's testimony or was just being snarky.

[2] The government does not appear to defend the ALJ's reliance on Plaintiff's minimal daily activities as a basis for disregarding his testimony.

**Relevant Federal Law**

An ALJ may not "arbitrarily discredit a claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002). If an ALJ determines that there is objective medical evidence of an underlying impairment that reasonably could cause the alleged pain or symptoms, the ALJ must (in the absence of proof of the claimant's malingering) provide "specific, clear, and convincing reasons" for rejecting the claimant's testimony that are supported by substantial evidence. Brown-Hunter v. Colvin, 806 F.3d 487, 489 (9th Cir. 2015); Burrell v. Colvin, 775 F.3d 1133, 1136 (9th Cir. 2014).

An ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation (including testimony by the claimant that "appears less than candid"), "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment," and the claimant's daily activities. Ghanim v. Colvin, 793 F.3d 1154, 1163 (9th Cir. 2014) (quotations omitted); Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008). But an ALJ may not "improperly cherry-pick[ ]" that evidence and dwell only on those materials that support the agency's denial of benefits. Ghanim, 763 F.3d at 1164.

Proof that an individual "was not forthright about her language abilities" can be a legitimate basis for rejecting credibility. Mohammad v. Colvin, 595 F. App'x 696, 697 (9th Cir. 2014); Rivera v. Colvin, No. CV 14-1564 BAM, 2016 WL 1056793 at *8 (E.D. Cal. 2016) (ALJ entitled to reject credibility of claimant who "forgot how to speak English" and was "overheard speaking English in the hearing lobby"); but see Martinez v. Colvin, No. ED CV 14-1470 PJW, 2016 WL 1050233 at *2 (C.D. Cal. 2016) (occasionally speaking English to children and writing short notes does not establish that claimant "could speak English and that she was lying when she said that she could not").

A claimant's deliberate efforts to "impede accurate testing of her limitations" may provide a legitimate basis for disbelieving that person's testimony. Thomas, 278 F.3d at 959. Even so, a physician's mere observation that a claimant "gave inconsistent effort during a consultative examination" is "not sufficient to discount [claimant's] testimony" if the practitioner does not "directly question [claimant's] credibility or find that she was malingering." Om v. Colvin, 545 F. App'x 665, 667 (9th Cir. 2013).

The Ninth Circuit has found it to be a "questionable practice" for an ALJ to "chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation" or treatment. Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996) (quotation omitted); see also Garrison v. Colvin, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) ("we do not punish the mentally ill for occasionally going off their medication when the record affords compelling reason to view such departures from prescribed treatment as part of claimants' underlying mental afflictions"). In the case of a mental health disorder, "failure to seek treatment may be an unfortunate result of the disorder" rather than a convincing reason to disbelieve a person's testimony. De Guzman v. Astrue, 343 F. App'x 201, 208 n.6 (9th Cir. 2009).

Pointing to the "record in general" is an insufficient basis to support an adverse credibility determination." Holohan v. Massanari, 246 F.3d 1195, 1208 (9th Cir. 2001); Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1102 (9th Cir. 2014) (after reciting various "boilerplate" statements, "the ALJs typically identify what parts of the claimant's testimony were not credible and why") (emphasis added). Similarly, although an ALJ may consider whether there is a lack of objective medical evidence supporting a claimant's allegations, this factor "cannot form the sole basis for discounting" subjective symptom testimony. Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

**Analysis**

The ALJ was obliged to identify at least one "specific, clear, and convincing" reason for rejecting the claimant's testimony. Brown-Hunter, 806 F.3d at 489. The Court concludes that each reason that the ALJ stated in the written decision was either improper as a matter of law or not backed by enough evidence to convince a reasonable person that it was adequately supported.

The ALJ's reliance on the "poor effort" finding by one of the physicians (Dr. Alleyne (AR 423)) is easily dealt with; It ain't enough. The physician suspected that Plaintiff didn't give a full effort during a consultation regarding his back. However, that did not lead the practitioner to accuse Plaintiff of malingering or "impeding" the testing in an effort to gain benefits. Thomas, 278 F.3d at 959; Om, 545 F. App'x at 667. If the orthopedist was able to accept the results of the examination and render an opinion, then the ALJ did not identify a convincing basis for rejecting his later testimony about his symptoms.[3]

Substantial evidence surely does not support the ALJ's finding that Plaintiff lied when he stated that he can read and write "a little" in English. (AR 48.) The sole piece of evidence identified in the ALJ's analysis was a single statement on an agency form that Plaintiff can speak and understand English. (AR 190.) But Plaintiff testified that an English-speaking friend assisted him when he filled out the forms at an agency office. And the unsigned, computerized form certainly could not have been generated by Plaintiff or his friend directly – it obviously was prepared by an agency staffer. Would a reasonable person find an adequate basis to conclude that Plaintiff speaks English (and is a liar to say otherwise) based on (a) this single entry on a form that two other people filled out (b) but that Plaintiff

---

[3] Bafflingly, the ALJ rejected Dr. Alleyne's opinion because the ALJ determined that Plaintiff was entitled to a more favorable RFC than she recommended. (AR 25.) For the ALJ to seize on the "poor effort" fragment of a medical opinion that he panned has more than whiff of evidentiary cherry-picking to it. Ghanim, 763 F.3d at 1164.

apparently did not? Hardly. Rounds, 807 F.3d at 1002; Mohammad, 595 F. App'x at 697; Martinez, 2016 WL 1050233 at *2.

Moreover, the ALJ failed to identify meaningfully inconsistent statements from Plaintiff regarding his alleged transient hallucinations. Significantly, Plaintiff denied hallucinations in treatment with two separate treating physicians. (AR 25.) It is hardly clear proof that a person is lying or exaggerating symptoms when he downplays his condition to the doctors he regularly sees and then submits those materials to the agency for disability consideration. Tommasetti, 533 F.3d at 1039.

The ALJ was on moderately firmer ground in noting gaps in the treating record regarding Plaintiff's conditions. That can certainly be a legitimate reason to reject a person's testimony. But substantial evidence does not support the conclusion that the gaps in Plaintiff's circumstance showed an "unexplained or inadequately explained failure to seek treatment." Ghanim, 793 F.3d at 1163. Indeed, the ALJ never asked Plaintiff to explain why he did not seek treatment for various periods of time. For the ALJ to assume that this was due to the lack of severity of Plaintiff's conditions – and to further infer that Plaintiff was not truthful about describing those conditions – is entirely without evidentiary support.[4] The Court also notes Plaintiff's observation that, after the 2012-2013 treatment gap, he subjected himself to considerable, non-conservative medical procedures (Docket # 18 at 54) that clearly demonstrated his deteriorating condition. Birkenstein v. Colvin, No. SA CV 12-1525 SP, 2013 WL 3872098 at *9 (C.D. Cal. 2013) ("epidural and trigger point injections may not be considered

---

[4] Similarly, the Court declines to accept Plaintiff's speculative claim that the lack of treatment was somehow related to the completion of his worker's compensation case. The Court sees no logical connection between the two – unless Plaintiff could no longer afford to see a doctor. A claimant's indigency can certainly explain a lack of treatment (Regennitter v. Comm'r of Soc. Sec., 166 F.3d 1294, 1297 (9th Cir. 1999)), but remains an unproven fact on the record here.

conservative"); Jacobs v. Astrue, No. ED CV 12-834 MRW, 2013 WL 1431623 (C.D. Cal. 2013) (same). Layered onto this is the Ninth Circuit's clear, repeated, and unmistakeable warning not to make too much of a person's failure to attend to legitimate, diagnosed mental health conditions. Nguyen, 100 F.3d at 1465; Garrison, 759 F.3d at 1018 n.24; De Guzman, 343 F. App'x at 208 n.6. The ALJ did precisely that here. The ALJ's analysis was far from reasonable and not well supported.

Finally, the ALJ was not entitled to simply point broadly to the medical evidence in general and conclude that it did not support Plaintiff's pain and mental health complaints. Burch, 400 F.3d at 681. The Court has no basis to conclude that the ALJ's errors were harmless or non-prejudicial. Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012). However, further proceedings could certainly augment the evidentiary record and more fully explain aspects of Plaintiff's conditions. Remand on an open record is the appropriate result. Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014).

**Remaining Claims**

The Court declines to take up Plaintiff's remaining claims; all may be re-presented on remand. But the ALJ's rejection of at least one of Plaintiff's medical opinions catches the eye. The ALJ gave little weight to the opinion of Dr. Kumar, a physician who examined Plaintiff and issued a "functional capacity / work disability evaluation report." (AR 339.)

Let's put aside the hot-button point that only the agency gets to wield the magic word "disabled" in these proceedings. What stands out is that the ALJ rejected Dr. Kumar's report (in significant part) because she conducted a "one-time examination" of Plaintiff. (AR 25.) That is a woefully weak basis for rejecting an examining physician's opinion. This Court has previously found such an explanation insufficient to meet the "specific and legitimate" reason test; this doctor's evaluation "was identical to any consulting evaluation ordered by the

agency in advance of an administrative hearing." Cleghorn v. Colvin, No. ED CV 15-295 MRW, 2015 WL 8282508 at *3 (C.D. Cal. 2015) (emphasis in original). The agency faces an obvious goose / gander issue if ALJs persist in rejecting medical evidence obtained in this way.

**CONCLUSION**

The ALJ's decision is VACATED for the reasons stated above. The Court REMANDS the case to the Agency on an open record for further proceedings.

IT IS SO ORDERED.

Date: May 26, 2016

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE